UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROTECTIVE LIFE INSURANCE COMPANY,<br>Plaintiff,<br>v.<br>MARTHA REYES,<br>Defendants. | No. 2:26-cv-1084 DC AC<br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiff's motion for default judgment, ECF No. 8, which was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19). The matter was set for hearing before the undersigned on July 22, 2026. Charles K. Chineduh appeared for plaintiff; defendant failed to appear. ECF No. 15. For the reasons set forth below, the undersigned recommends that the motion be GRANTED, and that judgment be entered in favor of plaintiff.

**I. Relevant Background**

According to the complaint, plaintiff Protective Life Insurance Company is a corporation organized under Nebraska law with a principal place of business in Alabama. ECF No. 1 at 2. Defendant Martha Reyes is California citizen residing in San Joaquin County. Id. Jurisdiction is accordingly predicated on 28 U.S.C. §1332. Id.

The complaint alleges that on June 26, 2025, Reyes began the application process for a $900,000 life insurance policy. Id. at 2. In response to Question 7 of the Supplemental

Application of this process, she asserted that she had not used cannabis products in the five years preceding her application. Id. at 3. By signing the application, defendant acknowledged that her answers were "material to the decision as to whether the risk is accepted by Protective Life." Id. Based on her answers, including to Question 7, plaintiff issued Protective Policy No. TU5757326 ("Policy"), a $900,000[1] policy with a "Select Preferred" premium class rating. Id. This Policy reserved the right to "contest the validity of this Policy or resist any claim based on a material misrepresentation in any application" for at least two years after the July 17, 2025, effective date. Id. at 3-4.

Before this two-year period had passed, however, plaintiff received medical records from Sutter Health showing that defendant reported "daily" marijuana use to Dr. Savneet Kaur during appointments in January and February 2025. Id. at 4. The complaint alleges that had plaintiff known this at the time of Reyes' application, at minimum it would not have issued the life insurance policy with the same terms. Id. On November 4, 2025, plaintiff sent written notice of its discovery to defendant, giving her 30 days to avoid recission of the Policy by providing any information she felt relevant. Id. As of the complaint's March 23, 2026 filing date, defendant has not responded even after plaintiff extended the deadline in two separate letters. Id. at 4-5.

The complaint therefore seeks injunctive and declaratory relief completely voiding the policy issued to Reyes, affirming that plaintiff owes no duties thereunder, and granting leave to deposit the premium refund amount of $835.47 into the Court's Registry pending resolution of this action. Id. at 6-7. Plaintiff further seeks an award of attorney's fees and costs. Id. at 7.

Summons for defendant were returned executed on April 3, 2026. ECF No. 4. The Clerk of Court entered her default on June 3, 2026. ECF No. 7. Plaintiff filed the pending motion for default judgment on June 8, 2026. ECF No. 8. The motion and accompanying declarations were served on defendant by both mail and electronic mail. ECF Nos. 8 at 16, 8-1 at 6, 8-2 at 6, 8-3 at

[1] This $900,000 represents the amount in controversy, thereby establishing diversity jurisdiction. See First Nat'l Ins. Co. of America v. Hartley, Case No. 8:24-cv-00124-FWS-KES, 2024 WL 4443839 at *3, 2024 U.S. Dist. LEXIS 158978 at *7 (C.D. Cal. Sep. 4, 2024) (in an action for recission of an insurance policy, the policy limits define the amount in controversy) (collecting cases).

3. Defendant has not responded to the motion or otherwise made any appearance in this case.

## II. Motion

Plaintiff moves for default judgment rescinding the Policy and declaring that plaintiff owes no further obligations or liabilities under the policy. Plaintiff proposes that it deposit into the court's registry the $742.64 in premiums defendant has already paid. ECF No. 8-3 at 2.

## III. Analysis

A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors:

> the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

Once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint

are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. Geddes, 559 F.2d at 560; cf. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990) (stating in the context of a default entered pursuant to Federal Rule of Civil Procedure 37 that the default conclusively established the liability of the defaulting party).

B. The Eitel Factors

1. Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Here, plaintiff would suffer prejudice if the court did not enter a default judgment because it would be without recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

2. Factors Two and Three: Merits of Claims and Sufficiency of Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F.Supp.2d at 1175. Here, the merits of the claims and sufficiency of the complaint favor entry of default judgment.

Under California law, "a material misrepresentation or concealment in an insurance application, whether intentional or unintentional, entitles the insurer to rescind the insurance policy *ab initio*." W. Coast Life Ins. Co. v. Ward, 132 Cal. App. 4th 181, 186–87 (Cal. Ct. App. 2005) (citing O'Riordan v. Fed. Kemper Life Assurance, 36 Cal.4th 281, 286–87 (Cal.

2005)). This rule has been codified in the California Insurance Code. See Cal. Ins. Code § 331. "Materiality is determined solely by the probable and reasonable effect which truthful answers would have had on the insurer." Thompson v. Occidental Life Ins. Co., 9 Cal.3d 904, 916 (Cal. 1973); see also Cal. Ins. Code § 334. The fact that an insurer has demanded answers to specific questions on an application for insurance is usually sufficient to establish the materiality of that information as a matter of law. W. Coast Life Ins. Co., 132 Cal. App. 4th at 187 (quoting Old Line Life Ins. Co. v. Superior Court, 229 Cal. App. 3d 1600, 1603–04 (Cal. Ct. App. 1991)).

The Policy application's supplement directly asked whether the defendant used marijuana of any kind in the five years prior, which she denied. ECF No. 1 at 3. Plaintiff expressly reserved the right to rescind the Policy based on any material misrepresentations in the application for at least two years after issuance. Id. at 3-4. Plaintiff eventually obtained evidence that defendant had used marijuana, or at least reported such use to her doctor, in the same year that she applied for coverage. Id. at 4. Defendant received multiple warnings and opportunities to explain why plaintiff should not rescind the Policy based on this misrepresentation, but she never responded. Id. at 4-5.

Taken as true, these facts are sufficient to establish material misrepresentation by defendant. Accordingly, the court finds that the merits of the case favor entry of default judgment.

3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth Eitel factor, the court considers the amount of money at stake in relation to the seriousness of defendant's conduct. Here, plaintiff seeks judgment rescinding a $900,000 Policy, in exchange for depositing the $742.64 in paid premiums with the court's registry. ECF No. 8-3 at 2. That the requested judgment is for declaratory relief rather than monetary damages weighs in favor of entry of default judgment. See Am. Gen. Life Ins. Co. v. Johnson, No. CV 14–4169 DSF (RZx), 2015 WL 13047562, at *2 (C.D. Cal. Feb. 10, 2015). See also Certain Underwriters at Lloyds, London, 2011 WL 6002916, at *4 (E.D. Cal. Nov. 30, 2011) ("Since plaintiff only seeks rescission and declaratory relief, the amount of money at stake is not at issue.").

4. Factor Five: Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claims. The court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F.Supp.2d at 1177. This factor favors entry of default judgment.

5. Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, there is no indication that the default was the result of excusable neglect. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Plaintiff personally served defendant with the summons and complaint. ECF No. 4. Plaintiff also e-mailed a copy of the summons and complaint with a request to respond if defendant would accept such electronic service. ECF No. 8-1 at 5. Plaintiff then served defendant with a copy of the application for entry of default by mailing it to the same address used the serve the complaint and summons. ECF Nos. 5-3 at 2, 8-1 at 2. Moreover, plaintiff served defendant by mail and e-mail in June 2026 with its motion for default judgment. ECF Nos. 8 at 16, 8-1 at 6, 8-2 at 6, 8-3 at 3.

Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendants failed to defend in this action. Thus, the record supports a conclusion that the defendant has chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

6. Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694

F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Accordingly, although the court is cognizant of the policy favoring decisions on the merits – and consistent with existing policy would prefer that this case be resolved on the merits – that policy does not, by itself, preclude the entry of default judgment.

7. Conclusion: Propriety of Default Judgment

Upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to the entry of default judgment against defendant.

## IV. Conclusion

It is RECOMMENDED THAT:

1. Plaintiff's June 8, 2026 motion for default judgment (ECF No. 8) be GRANTED;
2. The district court enter judgment against defendant and order that Protective Policy No. TU5757326 issued to defendant is rescinded and set aside as null and void *ab initio*;
3. Plaintiff be ordered to deposit $742.64 into the court's registry within 20 days of entry of such judgment; and
4. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order.

////

////

////

////

Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 22, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE